# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNSON,<br><br>           Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:06-CV-00535-OWW-DLB-P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act).[1] Defendant James Yates removed the action to this Court on May 3, 2006.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

---

[1] Plaintiff also alleges tort claims under California law.

1

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.  Plaintiff's Federal Claims

Plaintiff, an inmate at Pleasant Valley State Prison, claims that he has had diabetes for the last 20 years and that he suffers from seizures, ADD, SAD, back injury, migraines, gastrointestinal disorders and sinusitis. Plaintiff claims that he is an Americans with Disabilities Act (ADA) inmate who is not receiving adequate medical care pursuant to 28 U.S.C. §§ 1331 and 12102.  Plaintiff names Warden James Yates as a defendant.

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U. S. C. § 794.  Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

In Roundtree v. Adams CV-F-01-6502-OWW-SMS-P, the Honorable Oliver W. Wanger found that individual liability is precluded under Title II of the ADA. (Roundtree, Court Doc. 117.) In the opinion, Judge Wanger stated

> The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B) . . . . "Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000). The term "public entity," "as it is defined within the statute, does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *see also* 42 U.S.C. § 12131(1). "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *accord Miller v. King*, 384 F.3d 1248, 1276-77 (11th Cir. 2004) . . . . Individual liability is precluded under ADA Title II.

(Doc. 117, 16:18-17:6.) Accordingly, Plaintiff's ADA claim for relief against Defendant Yates, individually, is not cognizable.

Further, to the extent plaintiff names Warden Yates in his official capacity or to the extent plaintiff could amend the complaint to name an entity such as CDCR as a defendant, plaintiff's claim is still precluded because the basis of his claim appears to be the denial of appropriate medical treatment for his condition, not intentional discrimination by reason of his disability and exclusion from participation in any program or activity. The treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Accordingly, plaintiff's complaint does not contain a cognizable ADA

claim. Plaintiff has not alleged any facts that support a claim he was subjected to intentional discrimination by reason of his disability and excluded from participation in any program or activity. Although the Court is mindful of notice pleadings standards, Plaintiff's complaint contains only vague and conclusory allegations mirroring the general language of statutes. This is not sufficient to state a claim for relief.

### C.    Leave to Amend

Plaintiff's complaint does not contain a cognizable claim for relief under the ADA. In an abundance of caution, the Court will provide Plaintiff with an opportunity to amend his complaint, if Plaintiff believes in good faith that he can amend his claims.

It appears that plaintiff may be attempting to state a claim under the Eighth Amendment. The Court will therefore provide plaintiff with the applicable legal standards.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin

4

v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

As discussed, the Court will provide plaintiff an opportunity to file an amended complaint to more clearly state his claims with the above standards in mind. In the event that Plaintiff does wish to amend his complaint, Plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, if Plaintiff opts to amend, his amended complaint must comply with Rule 8(a). Specifically, Plaintiff should set forth his claims for relief and for each claim, set forth the facts that support the claim. If Plaintiff's amended complaint is needlessly lengthy and filled with legal conclusions and legalese, it will be stricken from the record for failure to comply with Rule 8.

With regard to plaintiff's state law claims, plaintiff is advised that pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has

original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).  If upon screening the amended complaint the Court determines that plaintiff fails to state any claims for relief under section 1983, the Court will recommend the exercise of supplemental jurisdiction over plaintiff's state law claims be declined and plaintiff's state law claims be dismissed from this action, without prejudice.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under the ADA;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **January 16, 2007**                     **/s/ Dennis L. Beck**
3b142a                                              UNITED STATES MAGISTRATE JUDGE