# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNSON, | CASE NO. 1:06-CV-00535-OWW-DLB-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE SECOND AMEND COMPLAINT |
| v. | |
| JAMES YATES, et al., | (Doc. 1) |
| Defendants. | |

I.  Screening Order

    A.    Procedural History

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§ 12131, 12132.[1] Defendant James Yates removed the action to this Court on May 3, 2006. On January 17, 2007, the court issued an order dismissing plaintiff's complaint for failure to state claims upon which relief could be granted and providing direction for plaintiff's use in filing an amended complaint. Plaintiff filed an amended complaint on May 10, 2007.

    B.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff also alleges tort claims under California law.

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257(9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      C.     Plaintiff's Amended Complaint

Plaintiff is an inmate at Pleasant Valley State Prison. This court's prior screening order provided the standards and rules for filing of an amended complaint. Plaintiff names as defendants: People of the State of California; County of Fresno, Superior Court; California Department of Corrections; Prison Health Service Providers; and "Any Unknown Person, Party, Entity, Successor or Predecessor Liable." In his statement of claim, plaintiff: (1) fails to state facts supporting his allegations; (2) fails to describe how each defendant was involved (other than that each violation was "by the above state public entity"); and (3) fails to list any dates and places regarding the acts he complains of. Plaintiff merely states general conclusions and violations of law that he apparently feels have occurred so as to infringe on his constitutional rights. Plaintiff requests a variety of declaratory relief and "[r]emand to state court for payment of damages."

Because of the woeful inadequacies of plaintiff's amended complaint, the court re-

reviewed the complaint plaintiff filed in the Superior Court to ascertain what if any factual basis plaintiff might have for his claims.  Therein, plaintiff claimed that he has had diabetes for the last 20 years and that he suffers from seizures, ADD, SAD, back injury, migraines, gastrointestinal disorders, and sinusitis.  Plaintiff also claimed that he is an Americans with Disabilities Act (ADA) inmate who is not receiving adequate medical care pursuant to 28 U.S.C. §§ 1331 and 12102.

Unfortunately, plaintiff's amended complaint contains multiple inadequacies and fails to cure all but one of the inadequacies identified in this court's prior screening order.

### 1.     Eleventh Amendment Immunities

Plaintiff names the California Department of Corrections and "People of the State of California" as defendants.  Plaintiff may not sustain an action against a state, or a state prison.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  The California Department of Corrections, which is a state agency, and People of the State of California are entitled to Eleventh Amendment immunity from suit.

### 2.     Plaintiff's First Claim (ADA & RA)

In his amended complaint, plaintiff does not specifically state that any of his claims arise under Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA).  However, the prior screening order advised that the ADA and RA "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.

2002).

In a discrimination case, the complainant carries the initial burden of establishing a *prima facie* case of discrimination. McDonnell Douglas Corp. v. Green 411 U.S. 792. To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show (1) he has a disability, (2) he is a qualified individual, and (3) the defendant unlawfully discriminated against him because of his disability. Id. at 825.

Under the ADA, a person has a disability if he has "(A) a physical or mental impairment that substantially limits one or more of the major life activities (MLA's) of such individual; (B) a record of such impairment; or (C) [been] regarded as having such an impairment." 42 U.S.C. § 12102(2). MLA's are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff was previously advised that individual liability is precluded under Title II of the ADA. Plaintiff names only entities and groups of persons as defendants, and does not name any

individuals as defendant in his amended complaint.  However, he makes only general conclusory allegations and fails to state any facts showing that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability.  Plaintiff does not state which benefits, services, programs, activities and federal financial assistance he was excluded from and/or denied.

Further, plaintiff's claim in this regard names "Prison Health Service Providers" as the allegedly errant public entity responsible for his exclusion(s)/denial(s) – which implies that his claim is based on medical care.  To that end, plaintiff is reminded that the treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Plaintiff has not alleged any facts that support a claim he was subjected to intentional discrimination by reason of his disability and excluded from participation in any program or activity.  Plaintiff's amended complaint contains only general conclusory allegations mirroring the general language of statutes. This is not sufficient to state a claim for relief.  Accordingly, plaintiff's complaint does not contain a cognizable ADA claim.

       3.  Plaintiff's Second Claim (Eighth Amendment)

Plaintiff's second claim alleges discrimination and cruel and unusual punishment, based on his epilepsy, by the California Department of Corrections for imposition of permanent solitary confinement, because of his inability to work eight months a year and his refusing to consent to experimental medication and treatment.

       a.  Cruel & Unusual Punishment

One who makes a claim under the cruel and unusual punishments clause must show that

the state has created risk or inflicted pain pointlessly. "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (See Johnson v. Phelan, 69 F.3d 144, 147 (1995) citing: Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations omitted) see also Rhodes v. Chapman, 452 U.S. 337 (1981); Wilson v. Seiter 501 U.S. 294, 289-300 (1991); Helling v. McKinney 509 U.S. 25 (1993).

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a

6

prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

"It is perfectly obvious that every decision to remove a particular inmate from the general prison population for an indeterminate period could not be characterized as cruel and unusual. If new conditions of confinement are not materially different from those affecting other prisoners, a transfer for the duration of a prisoner's sentence might be completely unobjectionable and well within the authority of the prison administrator. Cf. Meachum v. Fano, 427 U.S. 215 (1976). It is equally plain, however, that the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of "grue" might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87, (1978) implicitly overruled on other grounds. Thus, mere allegations of an indeterminate/permanent confinement to isolation sentences in and of itself does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. The totality of the conditions therein must be alleged and weighed as a whole. Mere allegations of permanent solitary confinement, without more, are insufficient to state a claim for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

The only facts on this claim plaintiff alleges is that he has been placed in permanent

solitary confinement based on his inability to work 8 months a year and refusing to consent to experimental medication and treatment. This allegation alone fails to state a claim for cruel and unusual punishment in violation of the Eighth Amendment.

      b.  Medical Care

To the extent that plaintiff intends to make allegations regarding medical care and treatment he is reminded that a prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

1  Plaintiff has failed to: name any individual medical providers; state what about his
2  medical care he feels violated his Eighth Amendment rights; and whether the medical provider(s)
3  chose the course in conscious disregard of an excessive risk to plaintiff's health. Jackson v.
4  McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).

   4.  Plaintiff's Third Claim – State Law Claims

6  With regard to plaintiff's state law claims, plaintiff is again reminded that, pursuant to 28
7  U.S.C. §1367(a), in any civil action in which the district court has original jurisdiction, the
8  district court "shall have supplemental jurisdiction over all other claims in the action within such
9  original jurisdiction that they form part of the same case or controversy under Article III," except
10 as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of
11 supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian
12 Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise
13 supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed
14 all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court
15 has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be
16 dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). If
17 upon screening the amended complaint the Court determines that plaintiff fails to state any
18 claims for relief under section 1983, the Court will recommend the exercise of supplemental
19 jurisdiction over plaintiff's state law claims be declined and plaintiff's state law claims be
20 dismissed from this action, without prejudice.

21  D.  Leave to Amend

22  Plaintiff's amended complaint does not contain a cognizable claim for relief.  Plaintiff
23 fails to allege specific dates, places, defendant actors, and facts his claims are based on.  Plaintiff
24 fails to allege how each defendant was involved and which of his constitutional rights he feels
25 were violated.  In the first screening order, the court provided plaintiff with opportunity,
26 requirements, and applicable standards to file an amended complaint.  Out of an abundance of
27 caution, the court will provide plaintiff with a *second and final* opportunity to amend his
28 complaint, if plaintiff believes in good faith that he can state cognizable claims.

9

1    In the event that plaintiff does wish to amend his complaint, plaintiff is again advised
2 Local Rule 15-220 requires that an amended complaint be complete in itself without reference to
3 any prior pleading. As a general rule, an amended complaint supersedes the original complaint.
4 See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint,
5 the original pleading no longer serves any function in the case.  Therefore, in an amended
6 complaint, as in an original complaint, each claim and the involvement of each defendant must
7 be sufficiently alleged.

8    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
9 conditions complained of have resulted in a deprivation of plaintiff's rights. See Ellis v. Cassidy,
10 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named
11 defendant is involved.  There can be no liability unless there is some affirmative link or
12 connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.
13 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d
14 740, 743 (9th Cir. 1978).

15    Finally, if plaintiff opts to amend, his amended complaint must comply with Rule 8(a).
16 Specifically, plaintiff should set forth his claims for relief and for each claim, set forth the facts
17 that support the claim.  Plaintiff is reminded that, if necessary, he is allowed to attach extra sheets
18 to the civil rights complaint form.  However, he should keep his statement of claim(s) and the
19 facts they are based on succinct and to the point.  Plaintiff is reminded that if his second amended
20 complaint is needlessly lengthy and filled with legal conclusions and legalese, it will be stricken
21 from the record for failure to comply with Rule 8.

22    Accordingly, based on the foregoing, it is HEREBY ORDERED that:
23    1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
24         upon which relief may be granted;
25    2.   The Clerk's Office shall send plaintiff a civil rights complaint form;
26    3.   Within **thirty (30) days** from the date of service of this order, plaintiff shall file
27         an amended complaint; and
28    4.   If plaintiff fails to file an amended complaint in compliance with this order, the

court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **February 25, 2008**                    **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE