UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNSON JR, | CASE NO. 1:06-CV-00535-OWW-DLB-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOLLOWING SCREENING OF SECOND AMENDED COMPLAINT |
| v. | |
| JAMES YATES, et al., | (Doc. 28) |
| Defendants. | |

**I.     Findings and Recommendations Following Screening of Second Amended Complaint**

    **A.     Procedural History**

Plaintiff is a state prisoner proceeding pro se in this civil rights action. Defendant James Yates removed the action to this Court on May 3, 2006. On January 17, 2007, the court issued an order dismissing plaintiff's complaint for failure to state claims upon which relief could be granted and providing direction for plaintiff's use in filing an amended complaint. Plaintiff filed an amended complaint on May 10, 2007. On February 26, 2008, this Court issued an order dismissing Plaintiff's amended complaint for failure to state a claim upon which relief may be granted. In dismissing the complaint, the Court found that plaintiff's amended complaint contained multiple inadequacies, and Plaintiff had failed to cure all but one of the inadequacies identified in this court's prior screening order. Plaintiff was granted one final opportunity to amend his complaint, and after obtaining two extensions of time, Plaintiff filed a second amended complaint on June 23, 2008.

///

**B.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**C.     Plaintiff's Second Amended Complaint**

Plaintiff is a state prisoner currently incarcerated at Pleasant Valley State Prison.  This court's two prior screening orders provided the standards and rules for filing an amended complaint.  Plaintiff names as defendants: Governor Arnold Schwarzenegger, Attorney General Edmund G. Brown Jr., CDCR Director Suzan Hubbard, "Prison Health Services Providers et al" and "Any Unknown Liable Person, Party, Entity, Successor, or Predecessor, Jointly and Severaly [sic] in their Individual and Official Capacities".

2

In his second amended complaint, Plaintiff alleges that his disability claims were reviewed and denied by various prison officials, beginning at the first level of review through to the Director's level. Plaintiff alleges that the decisions were made by subordinates of Chief Warden James Yates and defendant Hubbard, both of whom Plaintiff alleges acted under the authority of the defendant Governor Schwarzenegger.[1] Plaintiff then alleges that "they" 1) denied epilepsy as a qualified ADA disability, 2) refused to medically unassign plaintiff for chronic seizures, and 3) refused to prepare documentation for his social security claim.

At the outset, the Court is mindful that Plaintiff is proceeding pro se and may not be able to draft a complaint with the precision of an attorney. However, it is not clear from reading Plaintiff's second amended complaint whom plaintiff alleges participated in the 3 acts/omissions listed above that form the basis of his claims. As was previously explained to Plaintiff, under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

It is also difficult to delineate the facts upon which Plaintiff's claims are based. In support of his claims, Plaintiff directs the Court to "Plaintiff's Settlement Proposal", which is attached as an exhibit. Plaintiff's settlement proposal recounts arguments raised by Plaintiff to the Social Security Commissioner, defendants' arguments in opposition, and Plaintiff's reply. Plaintiff's settlement proposal is riddled with legal argument, which only serves to further

---

[1] James Yates is not listed as a defendant in Plaintiff's second amended complaint.

confuse his second amended complaint. It is not the duty of the Court to sift through Plaintiff's records and cull out the named defendants in order to link them to acts or omissions. At best, it appears that Plaintiff argues that while he is not entitled to social security benefits, his children and family are entitled to benefits from his disability. Plaintiff further argues that prison officials are responsible for preparing Plaintiff's disability documents.

Plaintiff has also attached to his second amended complaint copies of his inmate grievances and medical records. (Doc. 28, Second Amended Complaint, pp.11-37). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). These documents are not incorporated by reference and the Court is not obligated to search through the documents to determine whether Plaintiff states any claims upon which relief may be granted. These document will not be considered in the screening of Plaintiff's second amended complaint.

### 1. Defendants Brown Jr and "Prison Health Services Providers et al"

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

In the present case, Plaintiff's second amended complaint is devoid of any allegation that defendant Brown Jr., or defendant "Prison Health Services Providers et al", deprived Plaintiff of any federal right. Plaintiff's second amended complaint does not provide these defendants with fair notice of the claims against him and the grounds upon which they rest. Swierkiewicz, 534 U.S. at 512. Plaintiff fails to state a claim upon which relief may be granted against defendants

Brown Jr. and "Prison Health Services Providers et al".

### 2. Americans with Disabilities Act and Rehabilitation Act

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Further, the treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA);

Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Finally, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

Plaintiff alleges that "they" have "denied epilepsy as a ADA qualified disability." (Doc. 28, p.3, section IV).[2] The thrust of Plaintiff's complaint appears to be that unspecified prison officials have refused to assist him in preparing documentation for his social security benefits claim. Id. First, individual liability is precluded under Title II of the Americans with Disabilities Act, and Plaintiff may not pursue his ADA claim against the individual defendants named in the complaint. Second, in order to state a claim under the ADA and the RA, Plaintiff must have been "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." Armstrong at 1023. Even assuming that Plaintiff can show that he has a disability within the meaning of the ADA and the RA, Plaintiff has alleged no such exclusion or denial. Thus, Plaintiff fails to state a claim under the ADA and the RA.

**3.    Medical Care Claims**

Plaintiff has also alleged that "they" have refused to medically unassign Plaintiff for chronic seizures, and have refused to prepare documentation for his social security benefits claim.

---

[2] As previously discussed, the Court cannot discern from reading Plaintiff's second amended complaint whom of the defendants are implicated by Plaintiff's allegation.

6

It is unclear whether Plaintiff is attempting to state a claim under the Eighth Amendment. To the extent that he is attempting to do so, the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff was previously informed of the legal standard for stating an Eighth Amendment claim. Plaintiff's allegations that "they" refused to medically unassign Plaintiff, and refused to prepare his Social Security documentation, are insufficient to support a claim that any named defendant knew of and disregarded a serious risk of harm to Plaintiff. Plaintiff fails to state a claim upon which relief may be granted for violation of the Eighth Amendment.

**4.  Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor

7

1  of protecting an inmate's right to exercise his religious beliefs." Id.

2  Although Plaintiff cites to the RLUIPA in his second amended complaint, he has not
3  stated the grounds upon which his RLUIPA claim rests. Swierkiewicz, 534 U.S. at 512.
4  Plaintiff's only reference to his religious beliefs is a bare allegation that he was placed for 25
5  years in solitary confinement due to his epileptic disability and religious beliefs.[3]

6  Plaintiff fails to link this violation to any specific defendant, although Plaintiff has
7  requested compensation from defendant Schwarzenegger for Plaintiff's incarceration in solitary
8  confinement.  Nonetheless, Plaintiff has not alleged how defendant Schwarzenegger did an
9  affirmative act, participated in another's affirmative acts, or omitted to perform an act which he
10 was legally required to do that caused the deprivation.   Hydrick, 500 F.3d at 988.  Plaintiff has
11 been repeatedly informed that he must allege in specific terms how each named defendant is
12 involved.  There can be no liability unless there is some affirmative link or connection between a
13 defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.
14 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
15 1978).  Reviewing Plaintiff's second amended complaint, Plaintiff has at most alleged that
16 defendant Schwarzenegger denied epilepsy as a ADA disability, refused to medically unassign
17 plaintiff for chronic epilepsy disability and benefits, and refused to prepare documentation to
18 assist plaintiff's claim for social security benefits.  These allegations, even if presumed to be true,
19 are insufficient to support a RLUIPA claim against defendant Schwarzenegger.  Therefore,
20 Plaintiff fails to state a cognizable RLUIPA claim.

21 **5.    Social Security Act**

22 Plaintiff also cites to 42 U.S.C. 421 and 42 U.S.C. 405(g).

23 Congress has provided a limited scope of judicial review of the Commissioner's decision
24 to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations,

---

[3] By contrast, in Plaintiff's first amended complaint, Plaintiff alleged that he has been placed in permanent solitary confinement based on his inability to work 8 months a year and refusing to consent to experimental medication and treatment, which constituted cruel and unusual punishment. The Court in its screening order found that Plaintiff's allegation alone fails to state a claim for cruel and unusual punishment in violation of the Eighth Amendment.

the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. 405 (g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 402 (1971), but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. E.g., Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. See Sanchez v. Sec'y of Health and Human Serv., 812 F.2d 509, 510 (9th Cir. 1987).

To the extent that Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, Plaintiff must pursue his claims in a separate civil action against the Commissioner.

Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." F.R.C.P. 18(a). However, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). A request for judicial review, if Plaintiff is so seeking, must be pursued in a separate action.

///

### D. Conclusion

The Court finds that Plaintiff's allegations do not give rise to any cognizable claims for relief under federal law against any named defendant. Plaintiff has twice been granted leave to amend, and was twice provided with the legal standards that appeared most applicable to his claims. Plaintiff was also previously informed that he must briefly set forth facts in support of his claims against the named defendants (e.g., identify what the defendant did or did not do). Despite his two previous opportunities to amend his complaint, Plaintiff still fails to cure the deficiencies previously identified by the Court, namely, to link the acts or omissions of each defendant to the violations complained of. Plaintiff was also provided ample time to prepare his second amended complaint.[4] There is nothing to suggest that it is at all possible for Plaintiff to cure these deficiencies if given further leave to amend.[5]

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed in its entirety, with prejudice, for Plaintiff's failure to state a claim upon which relief may be granted. The Court also recommends that leave to amend not be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 3, 2009**            /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

---

[4] On March 28, 2008, the Court granted plaintiff a forty-five day extension of time to file his second amended complaint. On May 5, 2008, the Court granted Plaintiff a further sixty day extension of time to file his second amended complaint. (Docs. 24, 26).

[5] "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).